UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE MARIE GARCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:21-cv-00317-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 18). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 13).

Plaintiff presents the following issues:

1. The RFC is not supported by substantial evidence.
2. The ALJ committed harmful error by failing to provide "clear and convincing" reasons for rejecting the severity of symptomology evidence.

(ECF No. 18, p. 2).

Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

# I. ANALYSIS

## A. RFC

Plaintiff first challenges the following residual functional capacity (RFC) assessment by the ALJ:

> After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) during the requested closed period except the claimant could never climb ladders, ropes, or scaffolds or be exposed to unprotected heights or hazardous work environments. The claimant could occasionally climb stairs or ramps. The claimant could occasionally stoop, crouch, kneel, or crawl. The claimant would need to sit five minutes hourly while remaining on task.

(A.R. 22).

Plaintiff argues that the RFC is not supported by substantial evidence because it was not based "on the opinion of any treating, examining or reviewing source." (ECF No. 18, p. 11). Rather, she asserts that "the ALJ took it upon herself to review the raw objective evidence and formulate a function-by-function analysis using her own lay knowledge." (*Id.*). Plaintiff contends that the ALJ should have obtained "an opinion from an examining physician source or submit[ted] the medical evidence of record to an 'acceptable' medical professional for interpretation."[1] (*Id.* at 12).

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain,

---

[1] Defendant argues that Plaintiff forfeited her argument that the ALJ should have solicited further medical opinion by not raising it during her administrative proceedings. (ECF No. 21, p. 10). However, given that Plaintiff's RFC challenge fails as a whole on the merits for the reasons discussed below, the Court need not address Defendant's forfeiture argument. (ECF No. 21, p. 9).

that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted); *see*; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports). "Though an ALJ determines a plaintiff's residual functional capacity . . . an ALJ is not allowed to make medical judgments, but only legal judgments based on medical evidence." *Duarte v. Saul*, No. 2:19-CV-01019 AC, 2020 WL 5257597, at *5 (E.D. Cal. Sept. 3, 2020). However, "because it is the ALJ's responsibility to formulate an RFC that is based on the record as a whole, . . . the RFC need not exactly match the opinion or findings of any particular medical source." *Mills v. Comm'r of Soc. Sec.*, No. 2:13-CV-0899-KJN, 2014 WL 4195012, at *4 n.8 (E.D. Cal. Aug. 22, 2014).

In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

As an initial matter, it is important to note that Plaintiff claimed disability during a closed period—November 1, 2017 to May 19, 2019. (A.R. 19). However, most of the medical records concern treatment outside of this period. Further, there was no medical professional who opined that Plaintiff was disabled during this period. Despite the general lack of evidence pertaining to the question of disability for the relevant period, the ALJ reviewed the record that was available in assessing Plaintiff's RFC. *See Alvarez v. Comm'r of Soc. Sec.*, No. 1:20-CV-01207-SAB, 2022 WL 3108619, at *9 (E.D. Cal. Aug. 4, 2022) (noting that evidence outside of the pertinent disability period is less relevant to the question of disability).

Among other things, the ALJ noted that Plaintiff's ability to travel four[2] hours one-way by

---

[2] The ALJ stated that Plaintiff traveled three hours by train, but Plaintiff testified that the trip was four hours. (A.R. 24, 49).

3

1 train, walk for twenty minutes, and sit for an hour at a time in connection with attending a
2 professional sports game was inconsistent with her claims of disabling pain preventing her from
3 working. (A.R. 23-24); (*see* A.R. 46 – Plaintiff's testimony that standing or sitting for very long
4 was "too painful," her leg would "give out," and she then "couldn't walk or stand for weeks").
5 Additionally, a July 2017 report from Dr. Belanger—that opined Plaintiff would reach maximum
6 medical improvement in four to ten months, *i.e.*, November 2017 to May 2018—indicated that
7 Plaintiff was capable of light work during the closed period of November 1, 2017 to May 19,
8 2019. (A.R. 24, 590). Moreover, while the ALJ noted some objective evidence "consistent with
9 chronic pain in the back, hips, and lower extremities" warranted Plaintiff's limitation to light
10 work, the overall normal examination findings during the closed period indicated that Plaintiff
11 was capable of some work. (A.R. 25); (*see* A.R. 24, citing Exhibit 13F, which, among other
12 entries contains a May 1, 2018 treatment record (A.R. 504) noting "[n]o pain in muscles or joints,
13 no limitation of range of motion, no paresthesia[] or numbness"). The ALJ's review of such
14 records does not show that the ALJ made medical judgments based on her lay understanding of
15 the evidence.

16       In short, although the ALJ did not formulate the RFC based on any particular medical
17 opinion, the ALJ was not required to do so. Rather, by evaluating Plaintiff's subjective
18 complaints, the report of Dr. Belanger, and the treatment records at issue, the ALJ did all that was
19 required, rendering a RFC consistent with the record and supported by substantial evidence.
20 Moreover, Plaintiff has not shown that the evidence warranted even further exertional limitations
21 than the ALJ assessed, and thus there is no basis to conclude that the disability determination
22 would have changed had the ALJ solicited further medical opinion. *See Valentine v. Comm'r Soc.*
23 *Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) (rejecting challenge to RFC determination
24 where the claimant did "not detail what other physical limitations follow from the evidence of his
25 knee and should injuries, besides the limitations already listed in the RFC").

26       **B.**    **Plaintiff's Subjective Complaints**
27       Next, Plaintiff argues that the ALJ failed to provide clear and convincing reasons to reject
28 her subjective complaints. (ECF No. 18, p. 16).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Additionally, an ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).

As an initial matter, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 23). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

The ALJ summarized Plaintiff's complaints and the reasons for discounting them as follows:

> The claimant alleged at the hearing that she is unable to work due to chronic pain that is constant in the day and night. The claimant reported that she has difficulty lifting and moving things to perform activities, such as yard work and washing laundry, due to chronic pain.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> The claimant has a[] good earnings record with high earnings from 2000 through 2017 (Exhibit 12D). Although the claimant's work history is generally consistent [with] her allegations that she would have continued working but for her physical impairments, other evidence in the record suggests that she is not as limited as she

>alleged. For instance, the claimant admitted that she was able to travel three[3] hours by train to see a professional sports game. The claimant admitted that she walked for 20 minutes from the train to the stadium, where she sat for one hour at a time.
>
>Turning to the claimant's longitudinal medical record, the undersigned finds that the objective medical evidence is not consistent with her allegations of significant physical limitations. Because the claimant requested a closed period, this decision will not discuss in detail objective medical evidence that pertains to treatment rendered outside of the closed period. The claimant did not participate in extensive treatment during the requested closed period. Yet the undersigned finds that she was reasonably capable of performing work at the light exertional level based, in large part, on Dr. Belanger's objective physical examination findings from July 2017, just prior to the amended alleged onset date, and Dr. Belanger's statements that the claimant would reach maximum medical improvement in another 10 months. A finding of light work is also consistent with the claimant's admissions that she was able to attend a professional sports game during the relevant period, operate a motor vehicle, perform work activities, and tend to other activities of daily living.

(A.R. 23-24).

While Plaintiff argues that "there is no specific discussion of hearing testimony regarding her pain limitations that are at issue . . . and there is no discussion of any specific objective evidence of record that the ALJ believes discounts this symptomology," the Court concludes that the ALJ provided "findings sufficiently specific to permit the [C]ourt to conclude that the ALJ did not arbitrarily discredit [Plaintiff's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *see Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits.").

First, Plaintiff's ability to travel four hours one-way by train, walk twenty minutes, and sit down for an hour at a time was reasonably inconsistent with her allegations of disabling pain caused by sitting and standing. Next, the ALJ accurately noted that there was limited record evidence of treatment for Plaintiff's pain symptoms during the closed period of November 1, 2017 to May 19, 2019. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the

---

[3] As discussed above, Plaintiff stated that this trip was four hours. (A.R. 24, 49).

severity of the claimant's pain and its disabling effects."). Further, Dr. Belanger's report that Plaintiff was likely to reach medical maximum improvement sometime during the closed period supports the ALJ's discounting of Plaintiff's allegations of disabling pain during this same period. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (noting that conflicts between testimony and objective medical evidence supported discounting a plaintiff's credibility).

Accordingly, the Court concludes that the ALJ provided clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's subjective complaints.

## II. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. And the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 9, 2022**　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE